## Case No. 991.

### BARKER v. LAWRENCE.

[Betts' Scr. Bk. 258.]

Circuit Court, S. D. New York. May 25, 1852.

CUSTOMS DUTIES—GOODS OBTAINED BY BARTER—APPRAISAL BY DEPUTY APPRAISER.

[1. Under the customs duties acts of 1842 (Aug. 30; 5 Stat. 548) and 1846, (July 30; 9 Stat. 42,) the principal appraisers must act in person, and upon their own inspection, in every case; and an appraisal made by them on the inspection and certificate of a deputy appraiser only is inoperative and void.]

[Distinguished in Focke v. Lawrence, Case No. 4,894.]

2. In an action to recover back customs duties illegally exacted, it appeared that the importation consisted of goods obtained by barter on the west coast of Africa, for which the master, who had no invoice, made one after his arrival in port, which invoice was received by the customs officers. The deputy appraiser inspected the invoice, and from his knowledge of the articles imported, but without instructions, added more than ten per cent. to the invoiced value, and a penalty of twenty per cent. was consequently added and exacted. The deputy sent the invoice to the regular appraisers, two of whom sanctioned it by endorsement; and in this condition it was returned to the collector, who assessed the duties and imposed the penalty. Held, that the appraisal was void as being the act of the deputy and not that of the principal appraisers.

[At law. Action by James W. Barker against Cornelius W. Lawrence, collector of the port of New York, to recover back customs duties illegally exacted. Judgment for plaintiff.]

Before BETTS, District Judge.

This was an action to recover back an extra charge of duty, with penalty upon an importation of barwood and palm oil, made by the plaintiff in the bark Chancellor, from the west coast of Africa, in the month of March, 1849, at a time when Mr. Lawrence was collector of this port. The cargo was obtained by barter with the natives, and the master had not, therefore, any invoice upon his arrival in New York. He made one himself, however, after his arrival home, which was received by the officers of the customs, from the necessity of the case, and an entry of the cargo permitted, without any compliance with the second section of the act of March [1,] 1823, [3 Stat. 729.] The deputy appraiser, Mr. Phillips, upon inspection of the invoice, and from his knowledge of the articles imported, added to their invoiced value 351 dollars on the barwood, and 900 on the palm oil; and, as those sums increased the value of the invoice more than 10 per cent., the penalty of 20 per cent. was added and exacted, together with the regular duty on the increased value; the two sums, principal and interest, amounting to 928 dollars and 68 cents. Upon the trial of the cause. Mr. Phillips, the deputy appraiser, was called as a witness by the plaintiff, and he testified that he himself added the increased values to the invoice without instructions from Mr. Lawrence, the collector; that he (Mr. P.) had then sent it to the regular appraisers; two of them gave it their sanction, by endorsing their initials upon it; and in this condition, and thus perfected, it was returned to the collector, and in his office the duties were assessed, and the penalty imposed. Being asked by the plaintiff's counsel, why he increased the invoice value of the barwood and palm oil, he answered that he did not consider the invoice as exhibiting the fair market value of those articles at the principal markets upon the west coast of Africa, and that he increased the values, in obedience to the requirements of law, in order to bring them up to the usual standard.

The district attorney, in his defence, relied upon the appraisement as conclusive evidence of value, under the acts of 1846 [July 30, 9 Stat. 42] and 1842, [Aug. 30; 5 Stat. 548;] but Mr. Ely, for the plaintiff, contended that the appraisement was void, for irregularity, and that, therefore, the invoice exhibited the only value upon which the duty could be lawfully assessed. That a

deputy appraiser has no authority for making appraisements in any case, and that, in this instance, the principal appraisers merely adopted the appraisement made by Mr. Phillips, the deputy, and that too without any personal examination of any kind by the principal appraisers, who relied exclusively upon the accuracy of the deputy's judgment.

These points having been argued, and the various acts of congress applicable to the subject referred to, by the counsel, His honor, Judge BETTS, ruled that the appraisement in this case was irregular and wholly void, and that Mr. Lawrence was not justified in increasing the value of the invoice, or adding the penalty to the duties. That the supreme court of the United States had decided in the case of Greely v. Thompson, 10 How. [51 U. S.] 225, that the principal appraisers must act in person, and upon their own inspection, in every case, and cannot adopt the certificate of a deputy, whether accurate or not, as their own, without a violation of duty; and, hence, that any appraisement made in this form must be inoperative and void. In this case the judge held that there must be a verdict for the plaintiff to the full extent of his demand. He added to his remarks, also, that under the present requirements of the law, as expounded by the supreme court, it would be generally impossible to assess the duties in this port in any manner, except by invoices. But over this matter, he said, the courts had no power, but, if there was an evil in the way, congress alone could remove it. The district attorney excepted to the ruling of the judge, stating that he would bring the case up for reversal upon a bill of exceptions.

Verdict for the plaintiff, $982.68.